**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

HOWARD COHAN

      Plaintiff,

v.

                                     Case No.

VEREIT Real Estate, L.P.,
a Delaware limited partnership,

      Defendant.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant VEREIT Real Estate, L.P.. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2.    Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3.      Plaintiff is a resident of Palm Beach County, Florida.

4.      Defendant VEREIT Real Estate, L.P., is a limited partnership with its registered office located at 289 S Culver Street, Lawrenceville, GA 30046.

5.      Upon information and belief, Defendant VEREIT Real Estate, L.P.. owns or operates "On the Border" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotator cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8.      Plaintiff suffered from these disabilities during his initial visit (and prior to instituting this action) to On the Border Alpharetta.

9.      Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition is degenerative and occasionally requires mobility aids to assist his movement.

11. Plaintiff regularly travels to the Alpharetta area to visit friends and shop. Most recently, Plaintiff was in the Alpharetta area in June 2021, and plans to return to the area in February 2022.

12. Plaintiff eats almost exclusively at restaurants when he is in the area.

13. Plaintiff does not always eat at the same restaurant, but prefers to shop around for the best menu, prices, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disability at restaurants due to his frequent travels.

15. While many restaurants advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit restaurants that offer the menus, pricing, and location he desires prior to dining to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17. Despite advertising that the On the Border Alpharetta is accessible, Plaintiff encountered barriers to access at the Alpharetta Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on May 15, 2018 and June 9, 2021.

18.     Plaintiff is currently deterred from considering the Facility as an option for dining on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19.     Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21.     Plaintiff incorporates the above paragraphs by reference.

22.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23.     Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24.     Plaintiff incorporates the above paragraphs by reference.

25.     The Alpharetta Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27.     Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28.     Plaintiff personally encountered architectural barriers on May 15, 2018 and June 9, 2021 at the Alpharetta Facility located at 10575 Davis Drive, Alpharetta, GA 30009 that affected his disabilities:

    a.  Interior Restaurant Seating:

        i.  Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's leg and back injuries by preventing him from extending his legs without obstruction while being able to utilize the table surface.

       ii.  Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.1, 902,

305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for him to use due to his leg and back injuries.

b.  Men's Restroom:

   i.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates the rotator cuff injury in his shoulder and causes undue strain on his back because the door pressure is too heavy.

   ii.  Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which prevents Plaintiff from utilizing the wall for the necessary leverage to open the door.

   iii.  Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back and shoulder injuries.

iv.  Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

v.  Failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of sections 605 and 605.2 of the Standards, which causes strain on Plaintiff's back and knee injuries by preventing him from using the wall or dividers to lean on because the improper rim height.

vi.  Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar due to his hand and shoulder injuries, and therefore strains his back and knee injuries as he needs the grab bars for assistance in getting onto and off of the toilet.

vii.  Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from

using the grab bars for the assistance he needs getting onto and off of the toilet due to his back and knee injuries.

viii.   Failing to provide rear grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of sections 609, 609.4 and 609.7 of the Standards, which prevents Plaintiff from using the grab bars for the assistance he needs getting onto and off of the toilet due to his back and knee injuries.

ix.   Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes unnecessary strain on his shoulder, back and legs in order to reach the dispenser.

x.   Failing to provide paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections of 606, 606.1 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back and shoulder injuries because the dispenser is not at the proper height.

xi.   Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the grab

bar to get on and off of the toilet because the toilet is not in the proper position from the wall.

xii. Failing to provide the correct opening width for a forward approach into a stall door in violation of sections 305, 305.7.1, 404, 605.3 and 606.2 of the Standards, which aggravates his back injury by requiring unnecessary turning and maneuvering to use the lavatory.

xiii. Failing to provide the correct opening width for a forward approach into a sink in violation of sections 305, 305.7.1, 404, 605.3 and 606.2 of the Standards, which aggravates his back injury by requiring unnecessary turning and maneuvering to use the lavatory.

c. Bar Seating

i. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of sections 904, 904.4, 904.4.1, 904.4.2, 305 and 306 of the Standards.

ii. Failing to provide the correct height for accessible seating or work surface use for person(s) with a disability at a bar or adjacent table in the bar area, a baby changing table, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of sections 902, 902.1, 902.2, 902.3, 305, and 306 of the Standards,

which requires Plaintiff to sit in seating that causes him pain due to his back and leg issues.

iii.   Failing to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of sections 902, 902.1, 902.3 of the Standards, which requires Plaintiff to sit in seating that causes him pain due to his back and leg issues.

iv.   Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's leg and back injuries by preventing him from extending his legs without obstruction while being able to utilize the table surface.

v.   Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.1, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for him to use due to his leg and back injuries.

d.   Outdoor Seating

i.  Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's leg and back injuries by preventing him from extending his legs without obstruction while being able to utilize the table surface.

ii. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.1, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for him to use due to his leg and back injuries.

29.     These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

30.     Defendant has failed to remove some or all of the barriers and violations at the Facility.

31.     Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32.     Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33.     It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34.     Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     declare that the Facility identified in this Complaint is in violation of the ADA;

B.     declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C.     enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D.     enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E.      award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.      grant any other such relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Barry Debrow Jr.
Georgia Bar No.445097
Debrow Law P.C.
12 Bullsboro Dr.
Newnan, Ga 30263
(678) 381-6871
barry@debrowlaw.com

Dated: February 21, 2022