UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOWARD COHAN, <br><br> Plaintiff, <br><br> v. <br><br> VEREIT REAL ESTATE, L.P., <br><br> Defendant. | CIVIL ACTION NO. <br> 1:22-CV-00719-JPB |

# ORDER

This matter is before the Court on Howard Cohan's ("Plaintiff") Motion for Default Judgment [Doc. 7]. This Court finds as follows:

## BACKGROUND

Plaintiff is an individual with disabilities and a resident of Palm Beach County, Florida. [Doc. 1, p. 2]. VEREIT Real Estate, L.P. ("Defendant") owns or operates On the Border (the "Restaurant"), a restaurant located at 10575 Davis Drive in Alpharetta, Georgia. Id. Plaintiff alleges that, despite the Restaurant advertising that it is accessible to individuals with disabilities, Plaintiff encountered barriers to access when he visited the Restaurant on May 15, 2018, and June 9, 2021. Id. at 3. Plaintiff's Complaint lists several alleged architectural barriers that Plaintiff encountered in accessing the Restaurant's interior seating, men's restroom, bar seating and outdoor seating. Id. at 5–11. As a result, Plaintiff

seeks a declaratory judgment, injunctive relief, attorney's fees and litigation costs under Title III of the ADA. Id. at 12–13.

According to Plaintiff, he regularly travels to the Alpharetta area to visit friends and shop. Id. at 3. Plaintiff alleges that he was in the Alpharetta area in June 2021, and that he planned to return to the area in February 2022. Id. at 3. Plaintiff asserts, however, that he is deterred from considering the Restaurant as an option for dining due to the alleged barriers and discriminatory effects of the Restaurant's policies and procedures. Id. Nevertheless, Plaintiff alleges that he returns to every facility with ADA compliance issues following remediation of the allegedly discriminatory conditions to verify compliance with the ADA. Id. at 4.

## PROCEDURAL HISTORY

Plaintiff initiated the instant action on February 21, 2022. [Doc. 1]. Plaintiff served Defendant's registered agent on March 4, 2022. [Doc. 3]. Defendant's answer was thus due on March 25, 2022. To date, Defendant has failed to file an answer or other responsive pleading to the Complaint and has not otherwise appeared in the action. Plaintiff filed a Motion for Clerk's Entry of Default on April 7, 2022, and the Clerk entered default the following day. [Doc. 4]. Plaintiff filed the instant Motion for Default Judgment on October 7, 2022. [Doc. 7].

**LEGAL STANDARD**

When a defendant fails to file an answer or otherwise defend, a court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). As a general rule, default judgments are disfavored. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Id. at 1245. Because a default judgment cannot stand on a complaint that fails to state a claim, this Court must analyze whether the complaint contains sufficient factual matter to state a claim to relief that is plausible on its face. Id. "This plausibility standard is met 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id.

In deciding whether a default judgment is appropriate in this case, the Court will first address the threshold jurisdictional question of standing. To establish standing, a plaintiff must show: (1) injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision. Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1233 (11th Cir. 2021). Importantly, a plaintiff seeking injunctive relief must also show "'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.'" Id. (quoting Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001)). "To show a real and immediate threat of

3

future [injury] in the context of an ADA claim, a plaintiff must have 'attempted to return' to the non-compliant property or 'intend to do so in the future.'" Id. (quoting Shotz, 256 F.3d at 1082). "'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be"—cannot support a finding of actual or imminent injury. Id. (quoting Lujan v. Defs. Of Wildlife, 504 U.S. 555, 564 (1992)).

The Eleventh Circuit Court of Appeals has considered the following factors in determining whether a plaintiff has adequately pled a future injury: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." Id. These factors are not dispositive and determining whether the plaintiff has alleged a threat of future injury is a "fact-sensitive inquiry." Id.

## ANALYSIS

After applying the above factors, this Court finds that Plaintiff's Complaint fails to plausibly show that he will suffer disability discrimination in the future. First, Plaintiff's allegations indicate that the Restaurant is located over 600 miles away from Plaintiff's residence in Palm Beach County Florida.[1] The Eleventh

---

1 The Court takes judicial notice of the approximate distance between the Restaurant and Palm Beach County, Florida. See Munson S.S. Lines v. Newman, 24 F.2d 416, 417 (5th Cir. 1928) (taking judicial notice of the distance between cities); U.S. v. Williams, 476 F.

4

Circuit has previously suggested that this great of a distance may indicate that the threat of future injury is conjectural.  See Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1336 (11th Cir. 2013) (finding that although a distance of 30.5 miles weighed in favor of finding a threat of future injury, a distance of hundreds of miles may demand a different conclusion).  Based on the Eleventh Circuit's guidance as to this factor, this Court finds that the distance of over 600 miles between the Restaurant and Plaintiff's residence weighs against finding a threat of future injury.

    As to the second factor, the Complaint adequately alleges past patronage of the Restaurant.  Plaintiff alleges two prior visits to the Restaurant:  one visit on May 15, 2018, and one on June 9, 2021.  In Houston, the Eleventh Circuit concluded that there was an adequate showing of a threat of future injury where an ADA plaintiff visited a facility twice in the months leading up to filing his complaint.  733 F.3d at 1340.  On the other hand, in Kennedy, the Eleventh Circuit reached the opposite conclusion where an ADA plaintiff visited a facility once for two to three hours.  998 F.3d at 1233.  Because the Eleventh Circuit previously found that there was a threat of future injury where the plaintiff visited a facility

---

Supp. 2d 1368, 1378 n.6 (M.D. Fla. 2007) ("A Court may take judicial notice of the driving distance between two points located in the record using mapping services whose accuracy cannot reasonably be questioned.").

twice before filing the complaint, this Court finds that this factor weighs in favor of Plaintiff.

Turning to the third factor, Plaintiff did not plausibly allege a definite plan to return to the Restaurant. Plaintiff's allegations relevant to this factor are that he planned to return to the Alpharetta area in February 2022, and that he returns to every facility after being notified of remediation of the discriminatory conditions. However, Plaintiff fails to allege any details to support these vague allegations such that they demonstrate a concrete rather than speculative plan to return to the Restaurant. See id. at 1234 (finding that a plaintiff's plan to revisit a facility to check for ADA compliance was not concrete where the plaintiff did not indicate when the property revisits would occur or if they would occur with any degree of immediacy). Here, Plaintiff's allegation that he returns to every facility after being notified of remediation is nothing more than a "some day" intention that lacks concreteness and specifics as to when that "some day" will be. Thus, the third factor weighs against Plaintiff.

Finally, as to the fourth factor, the Complaint lacks any details to support Plaintiff's allegation that he regularly travels to the Alpharetta area to visit friends and shop. Indeed, Plaintiff does not identify any specific individuals that he regularly visits, and he only points to two instances where he visited the Alpharetta area during a time span of more than three years. In Houston, the Eleventh Circuit

found that the plaintiff demonstrated a threat of future harm where the complaint indicated that the plaintiff lived in a neighboring county of the store, frequently visited the county in which the store was located and drove past the store on a regular basis. 733 F.3d at 1340. Without any details to support Plaintiff's bare assertion that he regularly travels to the Alpharetta area, this final factor also weighs against Plaintiff.

Ultimately, after analyzing the factors above and all relevant facts pled in Plaintiff's Complaint, this Court cannot find that Plaintiff faces a real and immediate threat of future injury. Because Plaintiff has not shown standing, the Motion for Default Judgment is **DENIED**.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment [Doc. 7] is **DENIED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 23rd day of August, 2023.

J. P. BOULEE
United States District Judge